**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| KAREEM ABDUL BLOCKER, | |
| Plaintiff, | Civil Action No. 24-5500 (KMW) (MJS) |
| v. | **OPINION** |
| CHERYL LNU, et al., | |
| Defendants. | |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 4.)  Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted.  Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice for failure to state a claim for which relief may be granted.

## I.     BACKGROUND

Plaintiff is a state pretrial detainee currently jailed in the Atlantic County jail.  (ECF No. 1 at 2-4.)   According to the complaint,[1] Plaintiff has been in the jail since March, when he was released from a hospital, allegedly without being properly medically cleared.  (*Id.* at 5.)  Plaintiff does not clearly identify what his medical issues are, though he does allege that he has difficulty walking and he is dealing with pain, anxiety, and depression.  (*Id.* at 6.)  Plaintiff alleges he has not been provided proper medical treatment after making requests, and therefore seeks to "punish" the jail's warden, Defendant Kelly, the jail's medical supervisor, Defendant Lnu, and a supervisory officer, Defendant Madlock, who were not directly involved in the medical issues but were in some way "made aware" of Plaintiff's issues after the fact.  (*Id.* at 3-6.)

## II.     LEGAL STANDARD

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

---

[1] Plaintiff's complaint is handwritten and very difficult to read, which makes interpreting Plaintiff's allegations more difficult.  Should Plaintiff choose to file an amended complaint in this matter, he should endeavor to ensure his handwriting is more legible.

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

III.   **DISCUSSION**

In this matter, Plaintiff seeks to raise the following civil rights claims against the warden of the jail in which he is detained, as well as two other supervisory officials, because they were

"made aware" in some unspecified way after the fact of Plaintiff's dissatisfaction with his medical treatment.  Plaintiff, however, alleges no facts which assert that any of the three named Defendants were actually directly involved in the alleged denial of treatment, and instead seeks to hold them responsible as supervisors who "failed" to correct things after the fact.  A defendant in a civil rights action, however, may not be held liable for the actions of his employees or subordinates on a *respondeat superior* basis, and must instead have personal involvement in the alleged wrongs to be held liable.  *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  Personal involvement requires allegations of a defendant's specific involvement in the incidents alleged, or allegations which would show that the events could be imputed to the defendant based on his directing others to perform the deeds in question, his actual knowledge and acquiescence in the alleged wrong, or facts indicating that the defendant created a policy or practice which was the moving force behind the violation. *Chavarriaga*, 806 F.3d at 222.  Because Plaintiff's complaint contains no allegations indicating that any of the Defendants were directly involved in the alleged denial of treatment, and does not provide allegations clearly indicating that Defendants actually knew of his issues and acquiesced in his mistreatment, Plaintiff has failed to plead a cognizable claim for relief against them, and his medical claims against all three named Defendants must be dismissed without prejudice for failure to state a claim for which relief may be granted.

Even putting that issue aside, Plaintiff's current complaint does not adequately state a medical claim for relief.  In order to state a plausible Fourteenth Amendment claim for a denial of medical care, a prisoner must allege facts indicating that the defendants were deliberately indifferent to the plaintiff's medical need.  *See, e.g., Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  This generally requires that a plaintiff plead facts which show that he had a sufficiently serious medical need – i.e., an obvious need for treatment or an issue

diagnosed by a medical professional as needing treatment – and that the defendant knew of and disregarded that need resulting in an excessive risk to the inmate's health or safety.  *Id.*; *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).  Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983.  Here, Plaintiff has not clearly identified what his medical issues are, and as such has failed to plead sufficient facts to indicate that he suffers from a sufficiently serious medical need.  Plaintiff's claims fail to state a plausible claim for relief for this reason as well.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
_____
Hon. Karen M. Williams,
United States District Judge